IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGEI PORTNOY,

    Plaintiff,                               No. CIV S-04-1462 WBS  JFM PS

    vs.

WASHINGTON MUTUAL BANK, F.A.,        <u>ORDER AND</u>

    Defendant.                         <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff, proceeding pro se, has filed a third amended complaint alleging, *inter alia*, breach of contract, violation of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681, and violation of Federal Regulation "[12] CFR 229 Subpart B (Availability of Funds)."  On March 7, 2005, defendant filed a motion to compel arbitration pursuant to the provisions of the Federal Arbitration Act, 9 U.S.C. §§ 1 <u>et</u> <u>seq</u>. and 3 ("FAA") and California Code of Civil Procedure §§ 1281.2 and 1281.4, and a motion to stay this action pending arbitration.  These motions were noticed for hearing on March 21, 2005, and subsequently continued to May 19, 2005.  Pursuant to Local Rule 78-230(h), the court has determined that the matter will be submitted on the papers without oral argument.  Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS:

Under 9 U.S.C. § 4, a district court must order arbitration if it is satisfied that "the making of the agreement for arbitration or the failure to comply therewith is not in issue. . ." Id. Therefore, the district court "can only determine whether a written arbitration exists, and if it does, enforce it 'in accordance with its terms.'" Weyerhaeuser Co. v. Western Seas Shipping Co., 743 F.2d 635, 637 (9th Cir. 1984).

The general guidelines for determining whether an arbitration agreement exists and should be enforced have been explained by the Supreme Court. Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1 (1983). Moreover, strong congressional policy favors arbitration. Id. at 22, 23. This policy "requires a liberal reading of arbitration agreements. Id. at 23 n.27. "The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Id. at 24-25 (footnote omitted).

However, as provided under § 2 of the FAA, contracts containing arbitration agreements are subject to "such grounds as exist at law or in equity for the revocation of any contract." Circuit City Stores, Inc. v. Adams, 532 U.S. 105 (2001). When these grounds exist, such as unconscionability, courts may refuse to enforce arbitration agreements. Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1170 (9th Cir.2003). In determining the validity of an arbitration agreement, federal courts "should apply ordinary state-law principles that govern the formation of contracts." Circuit City Stores, Inc. v. Adams, 279 F.3d 889, 892 (9th Cir), cert. denied, 535 U.S. 1112 (2002), citing First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944, (1995).

The Supreme Court has repeatedly affirmed that all doubts as to the scope of arbitrability must be resolved in favor of arbitration. Volt Info. Sci. v. Bd. of Tr. of Leland Stanford Jr. Univ., 489 U.S. 468, 475-76 (1989); Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).

1    Plaintiff's opposition recites his position on the merits of his claim.  The merits of
2 the claim and any defenses are for the arbitrator to evaluate, not the courts.  See Bristol Farmers
3 Market & Auction Co. v. Arlen Realty & Development Corp., 589 F.2d 1214, 1217 (3d
4 Cir.1978).
5    Defendants have provided a copy of the Master Account Agreement signed by
6 plaintiff on the day he opened his account with defendant, December 22, 2003.  (Taunton Decl.,
7 Ex. A.)  Plaintiff has provided no evidence or arguments to the contrary.  This agreement
8 contains a provision which reads, "Most disputes arising under this Agreement related to
9 accounts or services hereunder are subject to mandatory, binding arbitration.  Rights to trial by
10 judge or jury are waived hereby."  (Id.)
11    Defendants also provided a copy of the "Account Disclosures and Regulations," a
12 booklet referenced in the Master Account Agreement signed by plaintiff.  (Taunton Decl., Ex. B.)
13 This booklet contains a section entitled "RESOLUTION OF DISPUTES," centered and placed at
14 the top of the second column, underneath which reads [INCLUDING ARBITRATION].  (Id. at
15 5.)  The second paragraph of that section states "The Bank and you elect to be bound by the
16 Federal Arbitration Act."  (Id.)  Later in the paragraph the waiver of trial is reiterated in capital
17 letters:  "YOU AND WE ARE WAIVING THE RIGHT TO HAVE OUR DISPUTE HEARD
18 BEFORE A JUDGE OR JURY."  (Id.)
19    "An order to arbitrate the particular grievance should not be denied unless it may
20 be said with positive assurance that the arbitration clause is not susceptible of an interpretation
21 that covers the asserted dispute."  United Food & Commercial Workers Union, Local 770 v.
22 Geldin Meat Co., 13 F.3d 1365, 1368 (9th Cir.1994)(citing United Steelworkers, 363 U.S. at
23 582-83).  Plaintiff has not provided the court with the kind of "positive assurance" that is
24 required for his claims to be exempt from the arbitration clause.  The arbitration clause at issue
25 here is susceptible of an interpretation which would cover all of plaintiff's claims.  The clause
26 applies to "any dispute or controversy concerning [his] deposit account . . . relationships with us

3

whether or not arising out of federal or state law or regulation or otherwise, including without limit, debit/ATM cards, checks, . . . or other related services." (Deft.'s Motion, Ex. B, at 5.) All of plaintiff's claims derive from his banking relationship with defendant.

California law applies to the present motion to compel arbitration. <u>See</u> <u>First Options of Chicago, Inc. v. Kaplan</u>, 514 U.S. 938, 944 (1995) (holding that enforceability of arbitration agreement subject to state contract law principles); 9 U.S.C. § 2 (conditioning validity of provisions in the FAA to defenses on "such grounds as exist at law or in equity for the revocation of any contract"). Under California law, for a contract term to be held unconscionable it must possess two elements: procedural unconscionability (meaning terms which are outside of the reasonable expectations of the parties) and substantive unconscionability (meaning terms that are overly harsh or one-sided). <u>See</u> <u>Armendariz v. Foundation Health Psychcare Servs.</u>, 24 Cal.4th 83, 114, 99 Cal.Rptr.2d 745, 6 P.3d 669 (2000). The arbitration clause at issue in this case contains neither of these elements.

To the extent that plaintiff could argue that the arbitration was procedurally unconscionable, for example, that it was a "take it or leave it" form, that claim must be deferred to the arbitrator because it would challenge the validity of the contract generally and not the arbitration clause itself. The court has reviewed the "Resolution of Disputes" form provided plaintiff and finds that the specific rules and terms of the arbitration clause were not agreed to in a procedurally unconscionable way.

Neither can this court find that the arbitration clause was substantively unconscionable because it is one-sided in favor of defendant. California courts have held that in order for a contract term to be substantively unconscionable, it must be so one-sided as to "shock the conscience." <u>See</u> <u>24 Hour Fitness, Inc. v. Superior Court</u>, 66 Cal.App.4th 1199, 1212-1213, 78 Cal.Rptr.2d 533 (1998). The arbitration clause in the present case is not one-sided because it requires both sides to submit all claims they may have against one another to the arbitrator. Although in certain situations the arbitration clause may end up benefitting defendant, it does not

so heavily favor defendant at the expense of plaintiff that it rises to the level of being unenforceable.  Moreover, the Supreme Court has recognized specific advantages that the arbitration forum affords plaintiffs.  See Allied-Bruce Terminix Companies v. Dobson, 513 U.S. 265, 280-281 (1995) (explaining that Congress had the needs of consumers in mind when drafting the FAA and that arbitration may favor individual consumers with small claims).

Finally, numerous courts have upheld even non-mutual arbitration clauses against unconscionability defenses.  See, e.g., Gray v. Conseco, Inc., 2000 WL 1480273 at *4-5 (C.D.Cal. Sept.29, 2000); Harris v. Green Tree Fin. Corp., 183 F.3d 173, 183 (3d Cir.1999); In re Pate, 198 B.R. 841, 844 (Bkrtcy.S.D.Ga.1996); Green Tree Fin. Corp. v. Wampler, 749 So.2d 409, 416 (Ala.1999).  Thus, even when one party alone has the option of compelling arbitration, courts have not found the arbitration clause to be unconscionable.  Therefore, this court finds that the arbitration provision in the Agreement was neither fraudulently induced nor unconscionable, and is therefore valid.

Accordingly, for the reasons stated above, the court will recommend that defendant's motion to compel arbitration of all claims in the third amended complaint be granted.  The motion for stay should also be granted, and this action should be stayed in its entirety pending arbitration, subject to its re-opening by the parties at the conclusion of arbitration.

In light of the foregoing, IT IS HEREBY ORDERED that the May 19, 2005 hearing is vacated; and

IT IS HEREBY RECOMMENDED that:

1. Defendant's March 7, 2005 motion to compel arbitration be granted;

2. The parties be directed to arbitrate all claims, pursuant to 9 U.S.C. § 1 et seq. and California Code of Civil Procedure § 1281.1;

3. Defendant's March 7, 2005 motion to stay this action be granted; this action be stayed in its entirety pending arbitration;

/////

1       4. The Clerk of the Court be directed to administratively close this action pending

2 arbitration; and

3       5. The parties be directed to notify this court within thirty days of any decision

4 rendered by the American Arbitration Association.

5       These findings and recommendations are submitted to the United States District

6 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten

7 days after being served with these findings and recommendations, any party may file written

8 objections with the court and serve a copy on all parties.  Such a document should be captioned

9 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

10 shall be served and filed within ten days after service of the objections.  The parties are advised

11 that failure to file objections within the specified time may waive the right to appeal the District

12 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

13 DATED: April 21, 2005.

                        _____
                        UNITED STATES MAGISTRATE JUDGE

17 001; portnoy.faa