IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGEI PORTNOY,

    Plaintiff,                         No. CIV S-04-1462 GEB JFM PS

    vs.

WASHINGTON MUTUAL BANK, F.A.,      FINDINGS AND RECOMMENDATIONS

    Defendant.

_____/

    Plaintiff is proceeding pro se with a third amended complaint alleging, *inter alia*, breach of contract, violation of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681, and violation of Federal Regulation "[12] CFR 229 Subpart B (Availability of Funds)." Defendant's petition for motion for an order confirming the arbitration award rendered herein on November 21, 2005, came on regularly for hearing before this court on April 13, 2006 at 11:00 a.m. before the undersigned. Plaintiff Sergei Portnoy appeared in propria persona and Edward J. McNamara appeared on behalf of defendant, Washington Mutual Bank ("WMB"). Upon review of the motion and the documents in support and opposition, upon hearing the arguments of plaintiff and counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

    Plaintiff opposes the petition to confirm, arguing that the American Arbitration Association is a private organization and does not have authority to decide federal questions.

Plaintiff has presented no legal authority for his position.

On a petition to confirm an arbitration award, the question is whether the arbitrator acted in manifest disregard of the law. Appellate courts have unanimously held that judicial review of an arbitrator's decision "is both limited and highly deferential." Barnes v. Logan, 122 F.3d 820, 821 (9th Cir.1997). An award must be confirmed if the arbitrators even "arguably construed or applied the contract and acted within the scope of their authority." Id.

Manifest disregard of the law means something more than mere error in the law. Michigan Mutual Insurance Company v. Unigard Security Insurance Company, 44 F.3d 826, 832 (9th Cir.1995). Instead, it must be clear from the record that the arbitrators recognized the applicable law and then ignored it. Id. Since arbitrators need not explain their decisions, a reviewing court can only infer from the facts of the case whether the arbitrator appreciated the law but chose to ignore it. United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 598, (1960); Houdstermaatschappij v. Standard Microsystems Corporation, 103 F.3d 9, 13 (2nd Cir.1997). When making this inference, the court must search for "even a barely colorable justification for the outcome reached," and if one is found, the arbitration award must be confirmed. Id. at 13. This search, however, does not involve a federal question, but rather an analysis of the conduct of the arbitrators.

Thus, whether or not the arbitration was performed by a private organization is of no relevance here. Plaintiff's objection is overruled.

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-14, authorizes judicial review of arbitration awards that are connected with maritime or interstate commerce. 9 U.S.C. § 2. It also allows a party to petition for confirmation of an arbitration award:

> [A]t any time within one year after the award is made any party to the arbitration may apply to the court for an order confirming the award and thereupon the court must grant such an order unless the award is vacated, modified, or corrected.

9 U.S.C. § 9. The FAA does not confer an independent basis for federal subject matter juris-

diction.  See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32, (1983).

This matter was submitted to binding arbitration pursuant to an arbitration agreement executed by plaintiff.  True and correct copies of the arbitration agreement and petition to compel arbitration, and order thereto, were attached to WMB's petition to confirm arbitration award as Exhibit "A" and Exhibit "B."

This matter was reviewed by arbitrator Patricia Shuler Schimbor ("Schimbor").  Arbitrator Schimbor rendered her opinion and issued her award of arbitrator which is attached to WMB's petition to confirm arbitrator's award as Exhibit "C."  The arbitrator found that plaintiff failed to meet his burden of proof.  This finding is a colorable justification for the denial of plaintiff's claim.  Therefore, the arbitration award should be confirmed.

In accordance with the above, IT IS HEREBY RECOMMENDED that the award of arbitrator be entered and be the judgment of this court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 18, 2006.

UNITED STATES MAGISTRATE JUDGE

001; portnoy.fr